# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:99 CV 730 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WILLIAM KAMPFER,** | |
| Defendant. | **ORDER** |

Currently pending before the Court is Defendant William Kampfer's Motion to Expunge. (Doc. 29). The Government opposes. (Doc. 31). Kampfer has not filed a reply and the time in which to do so has expired. For the reasons set forth below, Kampfer's Motion is denied.

Kampfer was indicted in April 1999 on three violations of Title 26: false tax return, aiding in preparation of a false tax return, and tax evasion. Following entry of a plea, Judge John W. Potter sentenced Kampfer to 24 months in prison on all three counts (to be served concurrently), followed by a one-year term of supervised release as to Counts 1 and 2 and a three-year term of supervised release as to Count 3. *See* Doc. 15.

On December 9, 2024, Kampfer filed the currently-pending request for expungement. He writes:

> Please expunge my felony record on the above listed Case Number as soon as possible. My case attorney never explained that this was a possibility. A judge in Montana, where I currently reside, explained I would need to request this in order to clear my record.

(Doc. 29, at 1).

"As courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute and may not expand that power by judicial decree." *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (cleaned up). Within the Sixth Circuit, there are two possible avenues for jurisdiction over a motion to expunge: a statutorily-grounded authority to expunge or the limited doctrine of ancillary jurisdiction. *United States v. Field*, 756 F.3d 911, 914–15 (6th Cir. 2014).

Here, Kampfer has not pointed to, nor is the Court aware of, any statute authorizing expungement in the circumstances presented. Thus, the Court lacks a statutory basis for asserting jurisdiction.

In the absence of a statute granting permission to expunge, federal district courts have "ancillary jurisdiction to expunge criminal records." *Field*, 756 F.3d 911, 915 (6th Cir. 2014). This jurisdiction, however, is limited. For example, district courts do not have jurisdiction to consider "motions for expungement that are grounded on purely equitable considerations – e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.*; *see also United States v. Valueland Auto Sales*, 847 F. App'x 344, 345 (6th Cir. 2021). ("*Field* further acknowledged our lack of jurisdiction over motions for expungement based on purely equitable considerations.") (internal quotation omitted). "[F]ederal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 1996 WL 107129, at *2 (6th Cir.); *see also United States v. Whitson*, 2006 WL 2645139, at *1 (S.D. Ohio) ("While expungement may be warranted in cases in which the conviction was obtained illegally or through governmental misconduct, or in cases involving convictions under statutes later deemed unconstitutional,

2

expungement of a *valid* conviction is rarely, if ever, warranted.") (emphasis in original). Kampfer has provided very little in the way of justification for his request, and at best, suggests nothing more than equitable considerations. As such, the Court finds it lacks ancillary jurisdiction over Kampfer's request.

For the foregoing reasons, good cause appearing, it is

ORDERED that Kampfer's Motion to Expunge (Doc. 29) be, and the same hereby is, DENIED.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2025